# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PASCAL DOUGBOH,** | Civ. No. 2:13-cv-4267 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **CICSCO SYSTEMS, INC.,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Pascal Dougboh filed this Title VII employment discrimination action *pro se* against Defendant Cisco Systems, Inc. ("Cisco" or "Defendant") on July 8, 2013. Plaintiff alleges that Cisco refused to hire him on account of his race. On October 20, 2016, the Court granted Defendant's motion for summary judgment. Plaintiff moved on October 31, 2016, for reconsideration under Rule 60(b)(3). For the reasons set forth below, Plaintiff's motion is **DENIED.**

## I. BACKGROUND[1]

Beginning in 2007, Plaintiff repeatedly sought and failed to obtain employment as a network engineer with Cisco Systems, a multinational communications and technology company. Plaintiff received several interviews but was never hired. In December 2012, having submitted "hundreds" of applications to Cisco, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), alleging that Cisco violated Title VII of the Civil Rights Act of 1964 by declining to hire Plaintiff on account of his race.[2] The EEOC investigated and then dismissed the charge. Plaintiff filed his original Complaint in this Court on July 8, 2013, and amended the Complaint on April 22, 2014. Plaintiff's claims relate to five particular hiring decisions between 2007 and 2012.

---

[1] Because the Court writes solely for the benefit of the parties, it assumes the reader is familiar with the pertinent background facts. For a more complete recitation of the underlying facts, please refer to the Court's October 20, 2016 opinion. *Dougboh v. Cisco Systems, Inc.*, Civ. No. 2:13-cv-4267 (WJM), ECF No. 85, 2016 WL 6139910 (D.N.J. 2016).

[2] Plaintiff identifies as African-American.

1

Defendant moved for summary judgment on June 10, 2016, following discovery, arguing that the claims lacked merit and were barred by Title VII's limitations provision. On October 20, 2016, the Court granted Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Court found that, although not all of the claims were time-barred, no material issue of fact remained, and Defendant was entitled to dismissal as a matter of law. Specifically, the Court found that circumstances did not raise an inference of discriminatory intent and that, regardless, Defendant presented legitimate, nondiscriminatory reasons for its hiring decisions. Plaintiff now asks for reconsideration.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 60(b) authorizes courts to relieve a party from judgment in limited circumstances. One ground for reconsideration is proof of "fraud . . . misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). "[I]n order to sustain a burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011) (citing *Brown v. Penn. RR Co.*, 282 F.2d 522, 527 (3d Cir.1960)). "[T]he movant must establish that [1] the adverse party engaged in fraud or other misconduct, and [2] this conduct prevented the moving party from fully and fairly presenting his case." *Id.* at 111-112 (citations omitted).

## III. DISCUSSION

Plaintiff moves for reconsideration on the basis that, during discovery, Defendant Cisco misrepresented or fraudulently produced documents relating to Cisco's hiring process. Because Plaintiff fails to provide "clear and convincing evidence" that Cisco deliberately submitted misleading information, or otherwise interfered with Plaintiff's ability to present his case, the motion for reconsideration is **DENIED**.

In order to establish discriminatory intent, Plaintiff requested that Cisco provide information about applicants whom Cisco chose to hire instead of Plaintiff. According to Plaintiff, the documents show that Cisco lied when it had informed Plaintiff that certain positions had already been filled by the time Plaintiff applied. The Court, which already considered versions of this argument at summary judgment, finds that Plaintiff has simply misinterpreted the data provided by Cisco. For example, with respect to spreadsheets containing applicant data, the column "date opened" refers not to when a candidate applied for the position, but instead to "the date that the requisition for which the candidate was hired was opened." Def.'s Br. Opposing Pl.'s Mot. for Reconsideration, at 4. The Court also agrees with Cisco that Plaintiff overlooks the difference between reference numbers for particular job openings and "requisition numbers," which refer to "pipelines" for future job openings. *Id.*

Allegations that Cisco "forged" documents to hide its discriminatory practices are unsupported. During discovery, Cisco produced a list of applicants which contained incomplete information about who was hired and when. Cisco, however, acknowledged the mistake and submitted a corrected list. The Court found Defendant's misstep to be inadvertent. Certainly, production of the initial, inaccurate list did not "prevent [Plaintiff] from fully and fairly presenting his case," and Cisco acceded to re-opening discovery. *See* ECF No. 71, at 13. Plaintiff presents no new evidence that Cisco committed "fraud . . . misrepresentation, or misconduct by an opposing party," so his motion fails. Fed R. Civ. P. 60(b)(3).

## IV.   CONCLUSION

For the reasons above, Plaintiff's motion for reconsideration is **DENIED** pursuant to the accompanying order. Plaintiff remains free to appeal the Court's October 20, 2016, decision granting summary judgment for Defendant.

       /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**April 19, 2017**